In the Matter of the Judicial Settlement of the Account of Proceedings of GASTON F. LIVETT, as Surviving Successor Executor, etc., of WILLIAM E. CLARK, Deceased, and as Surviving Executor, etc., of HENRIETTA E. CLARK BOURSIN, Deceased, Executrix of WILLIAM E. CLARK, Decedent.   GASTON F. LIVETT, as Executor, etc., of WILLIAM E. CLARK and HENRIETTA E. CLARK BOURSIN, Deceased, Accountant, Respondent; MARGARET H. CROSS, Individually and as Executrix, etc., of MABEL P. HUDDLESTON, Deceased, FRANCIS M. METCALF, Individually and as Executor, etc., of EVERETT C. METCALF, Deceased, and as Executor, etc., of ANNA S. N. CLARK, Deceased, MABEL METCALF MERWIN, WINIFRED METCALF FITCH, and FIRST CITIZENS BANK AND TRUST COMPANY OF UTICA, Successor by Merger to UTICA TRUST AND DEPOSIT COMPANY, Executor, etc., of HARRIET A. RISLEY, Deceased, Appellants; NORVA TRUFANT BOURSIN, Executrix, etc., of of HENRY BOURSIN, Deceased, Respondent.— Appeal by certain objectants from a decree overruling their objections to the account of Gaston F. Livett, as surviving successor executor of the last will and testament of William E. Clark, deceased, and as surviving executor of the last will and testament of Henrietta E. Clark Boursin, deceased executrix of William E. Clark, deceased, and approving and settling such final account.   Decree of the Surrogate's Court, Queens County, reversed on the law and facts, with costs to the appellants filing briefs, payable out of the estate of William E. Clark, deceased, and proceeding remitted to the Surrogate's Court with a direction to enter a decree settling the account, which decree shall embody provisions as follows: (1) Fixing the amount of loss to the estate resulting from the failure of the successor executors to distribute the estate funds in the Ozone Park National Bank within a reasonable time after August 26, 1929, and by reason of the failure of that bank in March, 1933; and surcharging the surviving successor executor Livett and the executrix of the estate of the deceased successor executor Boursin with the amount so fixed, with proper interest thereon.   (2) Surcharging the accountant Livett as successor executor only, with the amount of the Ice Service Bond, $500, and coupons, $48.75, with proper interest. (3) Disallowing the credit which the accountant, the successor executor Livett, takes in Schedule L for the amount of the Straus Building Bond, $1,000, allegedly lost or mislaid, fixing the loss to the estate for the failure of the successor executors to sell or realize upon such bond within a reasonable time after August 26, 1929, and surcharging the surviving successor executor Livett and the executrix of the estate of the deceased successor executor Boursin with the amount so fixed, with interest.   (4) Disallowing the credit which the accountant takes in Schedule M as amended, for $1,833.30, for that much of the bond of Broadway and 104th Street Apartment Building, for $2,000 (sold in 1939 for $166.70 net), fixing the amount of loss to the estate by reason of the failure to the successor executors to realize upon such bond within a reasonable time after August 26, 1929, and surcharging the surviving successor executor Livett and the executrix of the estate of the deceased successor executor Boursin with the amount so fixed, with interest.   (5) Disallowing the credit which the accountant Livett takes in Schedule K for payments in the sum of $653.95 to himself as attorney, for services rendered to the estate, and charging the accountant Livett therewith.   (6) Disallowing

commissions, costs and counsel fees to the accountant successor executor Livett, and disallowing commissions to the executrix of the estate of the deceased successor executor Boursin. (7) Directing distribution of the residuum of the estate of William E. Clark, deceased, as that residuum shall be determined upon the settlement of the account in accordance with the previous directions, to the legatees mentioned in paragraph "Seventh" of the will of William E. Clark, deceased, in accordance with their respective rights, or to the personal representatives of deceased legatees, as to fifty-six parts of that residuum; and directing the distribution of the remaining forty-four parts thereof as upon an intestacy of William E. Clark, deceased. In our opinion, the proofs in the record warrant, and, indeed, require the disposition above indicated in each of the several phases thereof. The estate was administered in a negligent manner to the damage of the legatees entitled to receive fifty-six parts of the residuum and of the distributees of the remaining forty-four parts thereof. Lazansky, P. J., Hagarty, Carswell, Johnston and Taylor, JJ., concur.